### Swanston & Taylor vs. Sublette et al.

A. being indebted to B. delivered to him a quantity of lumber as security for payment of the debt, with the understanding that B. should proceed and sell the lumber, and pay his debt out of the proceeds. The lumber was afterwards levied upon by the defendants under an execution in their favor against A. as his property: *Held*, that the lumber was not subject to seizure under an execution against A. without payment, in the first place, of his indebtedness to B.

Where a case is made under the statute of Feb. 28th, 1850, the court will presume that all the evidence given on the trial of the cause in the court below, is contained therein.

APPEAL from the court of First Instance of the district of San Francisco. One Vogan was indebted to the plaintiffs, Swanston & Taylor, in the sum of $6000, and in order to secure that indebtedness, delivered to their possession a quantity of lumber for them to sell and pay their debt out of the proceeds. Burgoyne & Plume, two of the defendants, recovered judgment against Vogan, and directed Sublette, the other defendant, who was sheriff of the court of First Instance, to levy upon the lumber and sell it for the satisfaction of their judgment. This he did. Swanston & Taylor then brought this action against Sublette and Burgoyne and Plume jointly, to recover the value of the lumber. Judgment was rendered in the court below in favor of the defendants, and the plaintiffs appealed.

*Edward Norton*, for plaintiff. The lumber was not subject to seizure or levy on execution against Vogan; certainly, not without satisfaction of plaintiff's debt of $6000, which was more than the property was worth.

*R. A. Lockwood*, for defendants. The record does not state that no other evidence was adduced, and the intendment of law is in favor of the judgment.

The evidence is conflicting, and in such case a new trial will not be granted.

*By the Court*, HASTINGS, Ch. J. The respondents' counsel relies principally upon the first point made, viz: "The record "does not state that no other evidence was adduced, and the "intendment of law is in favor of the judgment." That such is the law in all courts of this jurisdiction, under the ordinary rules of practice, no one will controvert. But this is a case made under the statute of Feb. 28th, 1850, by the provisions of which we are to presume that all the evidence is embodied in the record, and the question to be settled is, whether the court below erred in finding for the respondents on the testimony. It is urged in respondents' second point, and upon the argument, that the testimony is conflicting, and that in such case a new trial could not be granted. There appears to be no discrepancy in the testimony as to the fact that appellants had the actual possession of the property in question at the time of the levy, and all the witnesses seem to agree that they had either a general or special property in the lumber seized. The court therefore erred in finding for the respondents, and the judgment is reversed, and a new trial awarded.